**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2026 OCT 28 A 11:29

TREY GRANADE
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JODY SWIATEK, Plaintiff
v.
JAY SWIATEK, Defendant
Civil Action No.: ____________________

**2:26-cv-00898-MHT-SMD**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**JURY TRIAL DEMANDED**

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jody Swiatek is an adult residing in Covington County, Alabama, and proceeds without counsel.

2. Defendant Jay Swiatek resides, to Plaintiff's knowledge, at 206 N. Main Street, Opp, Alabama 36467. Plaintiff and Defendant are married but have lived separately since approximately March 18, 2026.

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under 15 U.S.C. § 6851.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the alleged conduct or events giving rise to the claim occurred in Covington County, Alabama, including acts relating to the parties' private images and communications.

## II. FACTUAL ALLEGATIONS

5. Plaintiff privately shared certain intimate photographs with Defendant during their relationship. These photographs identify Plaintiff and, upon information and belief, depict intimate areas covered by 15 U.S.C. § 6851. Plaintiff never authorized Defendant to send them to Steve or any other third party.

6. In September 2025, Plaintiff discovered a concealed camera among clothing in the marital bedroom, positioned toward the bed. Plaintiff confronted Defendant and recorded that confrontation. Plaintiff does not presently know whether the camera recorded or transmitted any material.

7. In early 2026, Plaintiff discovered USB drives containing intimate screenshots or images relating to private video communications. Plaintiff retained copies and reported the matter to law enforcement. Plaintiff does not presently know who created every file or whether those files were distributed.

8. In July 2026, while in Michigan, Plaintiff discovered a concealed phone in her vehicle. On the phone, Plaintiff saw Facebook Messenger communications and intimate material indicating that Defendant had sent Plaintiff's private intimate photographs to a recipient identified as Steven Keith (also referred to as Steve).

9. Plaintiff observed a sexually explicit AI-generated video depicting her recognizable face and genital area that appeared to resemble her anatomy. Plaintiff did not consent to creation or distribution of the

video and alleges that Defendant sent it to the same recipient through Facebook Messenger.

10. Plaintiff preserved screenshots of the communications and reports that the recipient later acknowledged Defendant sent him material. Plaintiff understands that the recipient was in another state, and the communications used Facebook Messenger, a facility of interstate commerce. Exact transmission dates and the recipient's location remain subject to proof.

11. Investigator Rodriguez of the Covington County Sheriff's Office personally informed Plaintiff that Defendant initially denied knowledge of the AI-generated video and, after being confronted with evidence, reportedly acknowledged involvement in its creation and distribution. Plaintiff did not witness the interview herself.

12. Defendant did not obtain Plaintiff's consent to distribute her authentic intimate photographs. Plaintiff alleges that Defendant knew, or recklessly disregarded, that she had not consented to further distribution.

13. As a result of the alleged nonconsensual disclosure, Plaintiff has experienced emotional distress, anxiety, loss of sleep, fear of further disclosure, and disruption to her work. She seeks compensation for losses established by the evidence.

## III. COUNT I — NONCONSENSUAL DISCLOSURE OF INTIMATE VISUAL DEPICTIONS (15 U.S.C. § 6851)

14. Plaintiff incorporates paragraphs 1 through 13 as though fully set forth here.

15. Defendant disclosed authentic intimate visual depictions of Plaintiff to a third party without her consent, using a means or facility of interstate commerce, and knew or recklessly disregarded that she had not consented.

16. Plaintiff's private sharing of photographs with Defendant did not constitute consent to Defendant's subsequent disclosure to others. Plaintiff seeks relief under 15 U.S.C. § 6851(b)(3).

## IV. RELATED ALLEGATIONS AND EVIDENCE

17. Plaintiff also alleges the creation and transmission of the AI-generated video and the discovery of the bedroom camera and USB drives. These events are described as related factual context; Plaintiff does not assert that the TAKE IT DOWN Act creates a separate private damages claim or that all AI-generated material necessarily qualifies under § 6851.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests: (a) judgment in her favor on Count I; (b) actual damages or, alternatively, liquidated damages of $150,000 as permitted by 15 U.S.C. § 6851, without duplicative recovery; (c) recoverable costs and litigation expenses; (d) appropriate injunctive relief prohibiting further disclosure of qualifying intimate images; and (e) other relief the Court finds proper.

## VI. PRIVACY OF INTIMATE EVIDENCE

No intimate photographs, explicit screenshots, or sexually explicit video are attached to this complaint. Plaintiff will preserve such materials and seek a protective order or leave to file under seal before submitting sensitive exhibits to the Court, if required.

**VII. JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Date: 10-22-2026

Signature: [signature]

Jody Swiatek, Plaintiff, pro se
103 Henley Street
Opp, AL 36467
Telephone: 865-237-2890

Retail

UNITED STATES POSTAL SERVICE

U.S. POSTAGE PAID
PM
ENTERPRISE, AL 36330
OCT 22, 2026

36104

$12.00

RDC 01 0 Lb 2.70 Oz S2323A500905-66

FROM:
Jody Swiatek
103 Henley St
Opp, AL 36467

TO:
Clerk of Court
United States District Court
Middle District of Alabama
One ~~Ch~~ CHURCH St Rm B-110
Montgomery, AL
36104

EXPECTED DELIVERY DAY: 10/26/26

USPS TRACKING® #

9505 5133 6818 6295 3873 43

ReadyPost®